JAMES R. FARNSWORTH, and another, ADMINISTRATORS,

*vs.*

CHARLES W. PERRY.

Knox.    Opinion April 21, 1891.

*Deed. Exception. Base Fee. Real Property.*

A conveyed to B a parcel of land reserving a store thereon, " with the privilege of remaining as long as the store stands." *Held*; That the reservation (more strictly exception) constitutes a base or qualified fee in so much of

the land as is necessary for the reasonable use of the store, determinable when the store ceases to remain upon the premises conveyed.

ON REPORT.

The case is stated in the opinion.

*J. H. Montgomery and W. H. Fogler*, for plaintiffs.

The store being a part of the thing conveyed amounts to an exception. 3 Wash. R. P. (4th Ed.) p. 432 ; *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 322 ; *Howard* v. *Lincoln*, 13 Maine, 122 ; *Hatch* v. *Brier*, 71 *Id.* 542. Being an exception remains in the grantor and descends to his estate. *Sanborn* v. *Hoyt*, 24 Maine, 118 ; *Wood* v. *Boyd*, 145 Mass. 176. Being an exception it becomes personal property as if specially conveyed. *Davis* v. *Emery*, 61 Maine, 140. The railroad company never condemned the building.

*C. E. Littlefield*, for defendant.

Plaintiffs have no interest in the building unless it is personal property. It is real property. 4 Kent. Com. p. 27 ; 1 Wash. R. P. p. 116 ; *Hurd* v. *Cushing*, 7 Pick. 169 ; *Esty* v. *Currier*, 98 Mass. 500 ; *Richardson* v. *Copeland*, 6 Gray, 536 ; *Burk* v. *Hollis*, 98 Mass. 56 ; *Gibbs* v. *Estey*, 15 Gray, 589. Defendant cut only that part within the location. The taking carried with it all the erections, &c., upon it.

PETERS, C. J. This is an action of trespass *de bonis* for the destruction of a store alleged by the plaintiffs to have been personal property belonging to the estate of the late W. A. Farnsworth, upon whose estate they are administrators. The defense is that the defendant, in the removal of the store, was acting under the authority of the Lime Rock Railroad Company, whose road is located over the exact spot on which the store was situated ; that the store was not personal property but real estate ; and that the owner's remedy is not by action, but by petition to the county commissioners for an assessment of damages. The case is reported for a decision of the question whether the store was real or personal estate.

The case shows that W. A. Farnsworth, more than twenty years ago, conveyed to the Cobb Lime Company, a wharf in the

city of Rockland, making a reservation of the store in question in the following words : "Reserving the store on said premises occupied by J. R. Farnsworth, with the privilege of remaining as long as said store stands."

We think the store was real estate. The reservation retains the store and an interest in the soil beneath and about it for the use of the store as long as it stands. It might stand almost perpetually unless destroyed by some casualty. The store was probably located on some street or road, which gave it a chance for ingress and regress, as such privileges seem to have been carefully provided for other structures reserved in the same deed. It was an exception perhaps rather than a reservation. The title which the grantor retained was a qualified, base or determinable fee ; an estate which is subject to a reverter, and continues until the qualification annexed to it is at an end. Such an estate is both descendible and assignable. This case is very similar in its facts to that of *Moulton* v. *Trafton*, 64 Maine, 218, where the doctrine of such an estate is discussed upon the authorities. The language there which was held to constitute a limited fee, was an exception of mills "as long as said Trafton occupies said privilege with mills." That case governs this.

*Plaintiff's nonsuit.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.