OSCAR H. HERSEY, Admr., In Equity,

*vs.*

SELINA PURINGTON, Admx., and others.

Cumberland.    Opinion January 31, 1902.

*Will.    Intention.    Equitable Fee-Simple Conditional.    Trust.*

A testatrix bequeathed and devised her estate to her daughter, provided that her daughter died leaving issue, or did not die before reaching the age of twenty-one years. There was a devise over upon the happening of such contingency, unless the estate should have to be disposed of under the fourth clause of the will. By that clause the executrix was ordered and directed to apply all, or whatever was necessary of the rents, profits, and income of the estate to the support and education of the daughter, and should they prove insufficient, to sell the corpus of the estate and apply the proceeds to the same purpose.

Upon a bill of interpleader to determine the construction of the will:—

*Held;* That upon the death of the testatrix an equitable fee-simple conditional passed to and vested in the daughter, subject to be devested on her dying under twenty-one years of age, and without issue; which condition was itself subject to the condition that the estate had not already been disposed of for her maintenance and education, as provided in the fourth clause of the will.

The daughter died without leaving issue, and before attaining the age of twenty-one years.

*Held;* that the trust created by the fourth clause of the will terminated with the death of the cestui que trust.:

That after the death of the daughter her guardian could not convey the estate:

That the court will not determine in this case the validity of such sales, if any, made by the guardian in the lifetime of his ward and while there was no one qualified to act as trustee, the persons claiming under such sales not being made parties to the bill.

On report.    In equity.

Bill in equity to obtain the construction of the will of Helen J. Purington, late of Westbrook. .

There was also a bill brought by William W. Cutter, one of the

defendants, against the plaintiff herein and others in which were involved much the same questions as are here decided.

The case was heard on bill and answers and is stated in the opinion.

*Enoch Foster and O. H. Hersey,* for plaintiff.

*L. T. Mason and G. N. Weymouth,* for Selina Purington.

*William Lyons,* for William W. Cutter.

*J. H. & J. H. Drummond, Jr.; F. M. Ray,* for others.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J.    This is a bill in equity brought to obtain a judicial construction of the will of Helen J. Purington.

The first item of the will is as follows:

"First, I give, bequeath, and devise to my beloved daughter, Marie J. Purington, provided she dies leaving issue, or provided further that she does not die before she reaches the age of twenty-one years, all the rest, residue, and remainder of my estate, real, personal, and mixed, wherever found and wherever situated, but in case she should die before she reaches the age of twenty-one years and without leaving issue, then I dispose of my real and personal property as follows." The testatrix then proceeds by the second item of her will: "In case as above provided that my daughter Marie J. should die before she becomes twenty-one years of age, and without leaving issue", to devise her house and lot, situated at the corner of Main and Stroudwater streets in Westbrook, to Albert H. Burroughs, "unless it shall have to be disposed of as hereinafter provided." By the third item of the will "should my daughter Marie J. die as above stated, under twenty-one years of age and without issue," the residue of the estate is bequeathed and devised to Dora Purington, sister of the testatrix's deceased husband, "should it not have to be disposed of for the purposes hereinafter provided."

"Fourth, I order and direct my executrix herein named to apply all or whatever is necessary of the rents, profits and income of my real and personal estate to the support and education of my said daughter Marie J. Purington, giving her a high school, and if she

desires, a seminary or collegiate education, and should the rents, profits and income of my estate, real and personal, prove insufficient for that purpose, I order and direct the executrix to first sell the real estate situated on the westerly side of Spring street, in said Westbrook, and after the proceeds of the same shall have been applied to the support, clothing and education as aforesaid of my said daughter, Marie J., and should they prove insufficient," the testatrix orders and directs her executrix to next sell the other parcels of real estate, naming the order in which they are to be sold, that devised to Albert H. Burroughs being. last, and apply the proceeds as above, " and it is my wish and desire, and I so order and direct, that nothing contained in the second provision herein made shall prevent, or in any way interfere in my executrix disposing of the whole of my estate, real, personal, and mixed, for the support, clothing and education as aforesaid of my daughter Marie J. Purington." She then authorizes her executrix, should she find that the rents, profits, and income of the estate are more than is necessary for the support and care as aforesaid of Marie, in her own judgment and discretion to erect suitable grave stones, or a family monument to her late father, mother, and herself, and concludes by appointing Dora Purington sole executrix.

The will bears date Nov. 12, 1891, and the testatrix died June 9, 1892. Dora Purington qualified as executrix, but died Nov. 16, 1893, and there was from that time no legal representative of the estate of Helen J. Purington until the plaintiff was appointed July 17, 1900. Marie J. Purington died April 17, 1900, at the age of nineteen, and without leaving issue.

The court is asked to determine what estate the daughter, Marie, took under the will, and whether this estate could be sold by her guardian for the purposes of her maintenance and education.

If the first article of the will stood alone, there could be no question but that the daughter took a contingent estate only. The word "provided" is an apt and appropriate word to indicate an intention to give contingently; yet words literally contingent in their meaning and import, must bend to the construction in favor of vesting the estate or interest, if the will in its other parts and features shows that

such was the intention of the testator. It is the testator's intention collected from the whole will, "from the four corners of the instrument", considered together, and not from detached portions, considered separately, which governs. Such an intention, if consistent with the rules of law, overrides all technical rules relating to the construction of isolated words and phrases. Technical words are presumed to be used in their settled legal meaning, but where a different intention is fairly deducible from the whole will the technical meaning must yield to the apparent intention. Again, it is a settled rule of construction that the predominant idea which the testator had in his mind in making his will is to be carried into effect, as against doubtful or even conflicting provisions which might defeat it. Here the predominant idea of the testatrix is manifest. It was to provide for the support and education of her daughter. Her entire estate, real and personal, if required, was to be devoted to that purpose. She expresses her wish and desire, and orders and directs that nothing contained in the second provision of her will devising the land to Albert H. Burroughs, shall in any way interfere with carrying out that purpose. The limitations over in both the second and third items of the will are made not only upon the condition that her daughter dies before she becomes twenty-one years of age, without leaving issue, but also expressly "unless the estate should have to be disposed of as hereinafter provided," and "for the purposes hereinafter provided" in the fourth clause.

The law favors the vesting of estates when the manifest purpose of the will cannot be thereby subverted. "When, therefore, the devise is to a person, where or if he shall live to attain a certain age, or at a certain age, this standing alone would be contingent; yet if it be followed by a limitation over, if he shall die before a certain age, this is regarded as explanatory of the nature of the estate which it was intended the devisee should take upon arriving at the age named; i. e., that it should then become absolute and indefeasible; the interest, therefore, in such cases, is held to vest upon the decease of the testator. And a devise over always supplies an argument in favor of the prior devisee or devisees taking a vested interest. Where the devise over is made dependent upon the first devisee dying

before he comes of age, or without issue, or any similar event, it is considered that the devise is equivalent to a provision that the first donee shall take an immediate vested interest, liable to be defeated by the happening of the contingency named; or if it do not happen the estate then to become absolute and indefeasible." 2 Redfield on Wills, 224 (2nd Ed.) In the will under consideration there was a present and not a future gift to the testatrix's daughter. She had a present right of future enjoyment of the estate, liable to be defeated by the happening of the contingency. *Buck* v. *Paine*, 75 Maine, 582.

This conclusion is strengthened by the fourth provision of the will, devoting to the support and education of the daughter the income and principal of the entire estate, if required for that purpose. Judge Redfield states it as the result of all the cases that where the income of the estate is given to the donee, in the meantime, it affords the most satisfactory evidence that the testator intended to give the corpus of the estate, but only deferred the time of coming into possession; and where a portion of the interest only is given, or a sum sufficient for the support and education of the donee in the discretion of the trustees, it affords a less conclusive ground of inference in favor of the estate vesting, but still one of considerable weight. 2 Redfield on Wills, 233, note. In such cases, though time is annexed to the gift, it is not annexed to the substance of the gift as a condition precedent. This distinction is recognized in *Brown* v. *Brown*, 44 N. H. 281, cited by the plaintiff. Our conclusion is that on the death of the testatrix an equitable fee-simple conditional passed to and vested in Marie J. Purington, subject to be devested on her dying under twenty-one years of age, and without issue; which condition was itself subject to the condition that the estate had not already been disposed of for her maintenance and education, as provided in the fourth item of the will.

The trust there created is an active trust. The trustee is to apply all, or whatever is necessary, of the rents, profits, and income, and if need be the corpus of the estate, to the support and maintenance of the daughter. This is not a mere naked power. Active duties are imposed upon the trustee. In order to carry out the purposes of the trust and apply the rents, profits, and income, it is necessary that she should have such legal control and management of the property

as will enable her to receive them. In such a case it is not necessary that there be any express devise to the trustee. If the duties imposed upon the trustee be such that they cannot be discharged without a right to control the fee, the legal estate passes to him by implication. *Deering* v. *Adams*, 37 Maine, 264. The trustee was to apply the rents, profits, and income to the support and education of the cestui que trust. She therefore took a fee-simple in trust. The legal estate vested in her, although the entire equitable and beneficial estate vested in the cestui, subject to being devested upon the happening of the contingency. The trust so created terminated with the death of Marie J. Purington. Every purpose contemplated by it had then been fulfilled. It is therefore unnecessary to determine whether the duty of administering the trust might under other circumstances have devolved upon the administrator de bonis non with the will annexed. This trust had terminated by its own limitations before he was appointed.

In reply to the question as to the power of the guardians of Marie J. Purington to make sale of the real or personal estate of the testatrix, so far as relates to future sales we answer that they could not. While the vested equitable estate which passed to Marie was inheritable, devisable, and alienable, yet it was an estate subject to a contingency, and the contingency having happened nothing remains to convey. As to past sales by the guardians, the bill contains no allegation that any such have been made. If such have been made we do not think this the proper time to pass upon their validity. In *Jackson* v. *Thompson*, 84 Maine, 44, it was held that upon a bill brought by executors to obtain a construction of a will, the court would not decide questions relating to the validity of assignments made by beneficiaries under a will. In that case the assignees of the legatee were made parties, but in this case if such sales have been made those claiming under them, and who are directly interested in the subject matter, are not made parties, nor represented in these proceedings.

Each party is entitled to recover his costs to be paid by the administrator out of the estate.

*Decree accordingly.*