ELLEN J. WHITMORE, In Equity, by JAMES W. FISHER, Her Guardian

*vs.*

THE CHURCH OF THE HOLY CROSS

AND

THE FIRST CONGREGATIONAL PARISH OF GARDINER.

Kennebec.     Opinion June 9, 1922.

*A devise of an absolute estate in clear and unmistakable language cannot be lessened
or effected by subsequent words in the same paragraph inconsistent therewith.
Real estate devised upon a condition subsequent, in case of re-entry for breach,
reverts to the heirs of the testator, not to the residuary legatee.   A legacy
absolute in terms, but suggesting a particular use, creates neither a
condition nor trust.   A grantor or his heirs only can take
advantage of a breach of condition subsequent, and there
is no forfeiture until entry or statutory equivalent.
One who gives an estate on condition subsequent
has no estate left that he can either alienate
or devise.   The same rule that applies
to devises, applies to bequests
of personal property.*

In the instant case the devise of the parsonage was not on condition subsequent.
The devise was absolute.   There is no clause in the will providing for re-entry
for breach of a condition, and nothing appears in the will to indicate that the
testator intended to create a condition subsequent.   The use of the words "as a
parsonage" cannot by any rule of construction be said to mean that the testator
intended to restrict the use, or alienation of the property.

On appeal by complainant.   This is a bill in equity seeking the
construction of the will of Harriet E. Whitmore, late of Gardiner,
deceased.   The defendants demurred generally to the bill as a whole,
and also specifically to each paragraph, on the ground that the com-
plainant had no interest in the subject matter of the bill.   The
demurrer was sustained by the sitting Justice and the bill dismissed,

from which decree complainant appealed.    Appeal dismissed.    Decree
of sitting Justice affirmed, with costs.

The case is fully stated in the opinion.

*Andrews, Nelson & Gardiner and A. L. Perry,* for complainant.

*McLean, Fogg & Southard,* for the defendants.

SITTING:    CORNISH, C. J., HANSON, DUNN, MORRILL, WILSON, JJ.

HANSON, J.    Bill in equity to obtain the construction of the will
of Harriet E. Whitmore, late of Gardiner, deceased.

The defendants demurred to the bill as a whole, and to each and
every paragraph thereof, on the ground that the plaintiff has no
interest in the subject matter of the bill, and that the facts set forth
in the bill do not justify relief.

The sitting Justice in his final decree sustained the demurrer and
dismissed the bill.    The case is before the court on appeal from the
decree.

The bill alleges that Harriet Whitmore, formerly of Gardiner,
deceased, devised her homestead in Gardiner to the First Congrega-
tional Parish of Gardiner, "as a parsonage," said devise taking effect
in 1892.    December 9, 1919, the said Parish by warranty deed con-
veyed the same to the Church of the Holy Cross, and that the Church
of the Holy Cross has contracted to sell said estate to one Bennett
Slosberg.

It is further set out that the First Congregational Parish of Gardiner
has now no church building, no settled pastor, and no occasion for any
parsonage building; that the plaintiff, Ellen J. Whitmore, is the
executrix named in said will, and is also residuary legatee under the
will.

The bill further recites that the First Congregational Parish of
Gardiner is still in existence and is a legally organized church qualified
to hold property, but that it does not now own or occupy a place of
worship or have a settled pastor, but that the time may come when
it will have a pastor and will want a parsonage.

The controversy arises under the following paragraphs of the will:

"Fourth:    I give and devise to the First Congregational Parish of
Gardiner, Maine, having a place of worship on Brunswick Avenue in
said Gardiner, the house and lot now occupied by me as a homestead
on Brunswick Avenue aforesaid as a parsonage.

"Fifth: I give and bequeath to the said First Congregational Parish the sum of One Thousand Dollars to be held and invested by trustees to be selected by the Parish, the income of the same to be used as far as necessary in keeping said homestead and lot given as a parsonage in repair, also I give and bequeath to said First Congregational Parish the further sum of Two Thousand Dollars to be held and invested by trustees selected by the Parish, the income of the same to be used for the maintenance of singing in the Church occupied by said Parish."

The decree of the sitting Justice sustaining the demurrer and dismissing the bill must be affirmed. The plaintiff is executrix of the will, and residuary legatee named therein. She is under guardianship. The petition is irregular because signed by her attorney as principal, but necessarily so perhaps in view of the circumstances.

The principal questions raised on appeal will be considered in their order.

1.  Has the plaintiff an interest as executrix which authorizes her to seek construction of the will? While the guardian is authorized to appear and act for the plaintiff generally, in all things relating to the care and custody of the person and property of his ward, his authority as guardian does not extend to representing her as executrix, and, as such guardian, to seek the construction of a will. *Burgess* v. *Shepherd*, 97 Maine, 522. Further, it does not appear that she has any interest as executrix. Many years have passed since the plaintiff completed every duty devolving upon her as executrix, and that being the case she cannot, as such, intervene in the interest of any persons, heirs or others, alleging an interest under this will. Her counsel in addition very frankly state that their client "being now mentally incompetent, she could not, in her own person, carry out the provisions of said will, or the instructions of the court if the will were construed." A bill in equity to obtain the construction of a will cannot be sustained, unless the construction may affect the rights of the complainant, in person or property, or unless it may affect the performance of his duties under the will, as executor, trustee, or otherwise. *Burgess* v. *Shepherd*, 97 Maine, 522; *Webb* v. *Dow et als*, 120 Maine, 519; Gardner on Wills, 146.

Has plaintiff an interest as residuary legatee? Plaintiff's counsel urge "that this bill should be maintained for the purpose of determining her rights as residuary legatee, regardless of her mental

condition." We adopt the course in the instant case for the reason suggested, that if a right in the plaintiff exists, the same should be determined now.

Counsel contend that (1) "the devise of decedent's residence" as a parsonage "constitutes a condition subsequent, and that the interest was contingent, and that therefore upon breach of any condition the interest would revert." (2) That if the language of the will did not create a condition subsequent, it did establish a trust. It is the opinion of the court that the devise of the parsonage was not on condition subsequent. The devise was absolute. There is no clause in the will providing for re-entry for breach of a condition, and nothing appears in the will to indicate that the testator intended to create a condition subsequent. The use of the words "as a parsonage" cannot by any rule of construction be said to mean that the testator intended to restrict the use, or alienation of the property. *Doyen* v. *Rayburn*, 214 Ill., 344; *Adams* v. *First Baptist Church*, 148 Mich., 140; 11 L. R. A. (N. S.), 509.

"The cases are almost unanimous in holding that recitals in deeds indicating that the land conveyed is to be used for school or educational purposes do not create conditions subsequent rendering the estate liable to divestiture upon a departure from the use specified." Note to L. R. A. 1918 B, 696. *Phinney* v. *Gardner*, 121 Maine, 44.

"It is well settled also that the mere recital of the purpose for which a conveyance was made, or to be used does not import a condition." *First Presby. Church* v. *Bailey*, 97 Atl., 583, (Del. 1916); *Baldwin* v. *Atwood*, 23 Conn., 367, 7 L. R. A., 1119; *Watterson* v. *Ury*, 5 Ohio C. C. 347, affirmed in 52 Ohio St., 637. When, as in the instant case, an absolute estate is given by a paragraph of a will in clear and unmistakable language, it cannot be cut down to a less estate by subsequent words in the same paragraph inconsistent therewith. Such subsequent words are treated as of no effect. *Sherburne* v. *Littel & others*, 220 Mass., 385.

It is clear that the petitioner has no interest as residuary legatee. If the devise had been upon a condition subsequent, she then would have no interest. In such case the property upon re-entry for breach of condition would revert to the heirs of the testator, not to the residuary legatee. A legacy absolute in terms, but suggesting a particular use, does not create either a condition or a trust. 11 C. J. 351, and Note 27. See L. R. A. 1918 B. And a grant to a religious

society, "the interest thereof to be annually paid to their minister forever," is a gift to the society. Idem; *Smith* v. *Nelson*, 18 Vt., 511. The mere imposition upon a grantee or devisee of an obligation in respect of the use of the real estate granted or devised, without the use of technical terms to create a condition, or else of language clearly expressive of an intent that the land should revert if the obligation is not performed, will not create a condition. *Farnham* v. *Thompson*, 34 Minn., 330; 57 Am. Rep., 59.

"There is a class of cases in which the expression of purpose to which the land granted or devised is to be put is taken merely as indicating the motive of the grantor or devisor, or a recognition by him of the contemplated use. In *Erhardt* v. *Baltimore Monthly Meeting of Friends*, 93 Md., 669, 49 Atl., 561, a devise to a religious corporation in trust for the purpose of applying the income for the use of the school under the control of such corporation was held valid as a gift to the corporation, the purpose expressed being within the scope of its corporate functions and the devise therefore not being objectionable as creating a trust for unascertained beneficiaries." 7 L. R. A. 1123, Note, and cases cited.

"None but the grantor or his heir can take advantage of a condition subsequent, and it can be defeated only by the actual entry of the grantor or his heir." *Adams* v. *First Baptist Church*, 148 Mich., 140, Note; *Marwick* v. *Andrews*, 25 Maine, 525; *Osgood* v. *Abbott et al.*, 58 Maine, 73.

"The failure to perform a condition subsequent does not devest an estate, for the grantor or his heirs may not choose to take advantage of the breach, *and none other can;* and, until advantage is taken by entry or statutory equivalent, there is no forfeiture." *Cook* v. *St. Paul's Church*, 5 Hun., 293, 11 L. R. A. (N. S.), 524, Note; *Proprietors of the Church in Brattle Square* v. *Moses Grant et als*, 3 Gray, 142.

"It is fundamental that conditions subsequent tending to restrict and defeat an estate are not favored. They can be created only by apt and appropriate language which, ex proprio vigore, establishes that only a conditional estate was conveyed; and when such a condition is shown to have been created, the rule of construction is that of strictness against the grantor and in favor of the holder of the estate. Generally speaking, the apt and appropriate words evidencing that the grant is on condition subsequent are found in a pro-

vision for forfeiture and right of re-entry." *Kilgore* v. *Cabell County Court*, L. R. A. (N. S.), 1918 B., Page 692, Note.

It is well settled in this State that one who gives an estate subject to defeat on condition subsequent has no estate left that he can either alienate or devise. "Where one grants a base or determinable fee since what is left in him is only a right to defeat the estate so granted upon the happening of a contingency, there is no reversion in him, that is, he has no future vested estate in fee; only what is called a naked possibility of reverter, which is incapable of alienation or devise although it descends to his heirs." *Pond* v. *Douglass*, 106 Maine, 85. The rule is the same whether such estate is created by deed or by will. Both are incapable of alienation. Tiedman Real Prop. 3d Ed., Sec. 291. Where the estate is granted upon an express condition, it is unnecessary to stipulate also for a right of entry for a breach of the condition. That follows without an express reservation to that effect. *Thomas* v. *Record*, 47 Maine, 500; *Gray* v. *Blanchard*, 8 Pick., 291, 292. And the heir, though he be not expressly mentioned in the deed, may take advantage of the breach by entry. 2 Greenleaf Cruise, 42 tit. XIII, c. 2. "For an heir shall take advantage of a condition, though no estate descend to him from the ancestor." *Osgood* v. *Abbott*, 58 Maine, 80.

Quoting a former finding of this court: "No one can take advantage of such a condition, and make an entry to create a forfeiture of the estate, but an heir at law of the devisor. Co. Litt., Sec. 347; Co. Litt. 214 (b) & 218 (a). There is no proof in this case that an heir at law has ever made an entry for the purpose of causing a forfeiture of the estate." *Marwick* v. *Andrews*, 25 Maine, 525, at 530; *Board of Education* v. *First Baptist Church*, 63 Ill., 204; *First Presby. Church* v. *Elliott*, 65 S. C., 251. "The right of alienation is an incident of ownership, belonging as well to church corporations as to individuals. A church corporation has a legal right to alien its real estate and house of worship, unless restrained by its charter, and provided the proceeds are devoted to the purposes of its organization. *Cushman* v. *Church of the Good Shepherd*, 14 Pa. Co., Ct. 26. If there is a breach of a condition subsequent, the estate continues in the grantee until it is devested by an actual entry of the grantor or his heirs. *Adams* v. *First Baptist Church*, 148 Mich., 140, Note. A devise of real estate to a religious corporation, "to be used as a parsonage and nothing else, and to be kept for that purpose and used for nothing else," does not create a condition subsequent which will

cause a forfeiture if the property is devoted to other uses. Idem. The plaintiff has no greater right in the personal estate involved. The rule which, by statute, has generally been made to apply to devises, has always been recognized in bequests of personal property. *Loring* v. *Hayes*, 86 Maine, 351. A bequest of the interest or produce of a fund, directly or through a trustee, without limitation as to continuance, is a gift of the fund itself. *Hartson* v. *Elden*, 50 N. J., Eq., 522; *Angell* v. *Springfield Home for Aged Women*, 157 Mass., 241; *Sampson* v. *Randall*, 72 Maine, 109. "The gift of the perpetual income of real estate is a gift of the fee; a gift of the income for life is a gift of a life estate. The same rule applies to personal estate and the donee for life has the actual possession of the property, unless the will otherwise provides. *Sampson* v. *Randall*, 72 Maine, 109. "The same rule applies to personal estate as to real estate, namely, the gift of the income is in contemplation of law equivalent to a gift of the property itself. . . . . If the gift is of the income for life, the donee takes a life estate; and if the gift is of the perpetual income, then the donee becomes the absolute owner of the property. So held in *Stone* v. *North*, 41 Maine, 265." *Sampson* v. *Randall*, 72 Maine, 109; *Burgess* v. *Shepherd*, 97 Maine, 526, 3. Did the language of the will establish a trust, (1) as to the real estate, (2) as to the personal estate? It is the opinion of the court that no trust was created in respect to either the real estate, or the money bequeathed under Paragraph 5 of the will. It is apparent from the language used that no trust was intended to be created by the testator. It is true she did indicate in terms that the money given was "to be held and invested by trustees to be selected by the parish," but such declaration is not sufficient standing alone to establish a trust. It is simply a direction that the money should be in charge of the trustees to be chosen by the parish, the method employed universally in church management, and a custom well known to the testator. This conclusion is fortified by the language of paragraph one of the will, where the testator in very apt language did create a trust concerning the larger portion of her estate, and of which the plaintiff was principal beneficiary.

The gift in each case was to the parish absolutely; there was no restriction upon the use of the income. There was a declaration as to the use of part of the income for repairs, "so far as necessary," with no direction whatever as to income not necessary for repairs, and no cestui que trust was named. In such circumstances a trust

is not created, for the reason that the parish had, and has, both the legal estate and the beneficial interest. A trust cannot exist where the same person possesses both the legal estate and the beneficial interest. 7 L. R. A. 1119, 103 Md., 662, 64 Atl., 314. "Whenever a trust is alleged to be created by any instrument, or instruments, there must be a separation of the legal estate from the beneficial enjoyment, and a trust cannot exist where the same person possesses both; . . . "if the legal and equitable interests happen to meet in the same person, the equitable is forever merged in the legal." The legal estate, and beneficial interest being vested in the defendant, the First Congregational Parish of Gardiner, the estate it took was an absolute·fee simple. *Doan* v. *The Church of the Ascension*, 103 Md., 662, 7 L. R. A. (N. S.), 1119.

> *Appeal dismissed.*
> *Decree of sitting Justice*
> *affirmed, with costs.*