In the Matter of the Construction of the Will of IRO SCHACHTER, Deceased.

Surrogate's Court, Queens County, December 6, 1949.

*Samuel A. Pleasants* for Rudolph Geller, as executor of Iro Schachter, deceased, and another, petitioners.

*Gabriel Rubino,* special guardian for Gordon P. Schreck, an infant, respondent.

SAVARESE, S.   This is a proceeding to construe the will of Iro Schachter who died on November 16, 1948, survived by his

widow, a daughter, and a grandson, only child of the daughter. The widow has duly elected to take her share of the estate as in intestacy pursuant to section 18 of the Decedent Estate Law. In this eventuality only one paragraph of the will disposes of the estate. It reads as follows: " In the event that my beloved wife, Helen Schechter, should prefer to take such portion of my estate as is legally hers under the New York Decedents Law, in that event I give and bequeath to her such portion of my estate as would be legally hers as if I had died intestate with the provision that all the rest of my estate of whatsoever nature, real or personal, I give and bequeath to my executor, above named, with instructions that all the rest of my estate of whatsoever nature be given to my daughter, Berta Schreck, but with the proviso that any property of which she may die possessed which is hereby bequeathed to her, she leave by will to my grandson, Gordon Paul Schreck. This provision, however, shall not prevent my daughter, Berta Schreck, from disposing or encumbering any part of such estate during her lifetime as she wishes."

While ordinarily the capital value of the residence and the stock of Globe Apartments, Inc., from which the widow is given the life use and income, would have to be charged against her elective share (Decedent Estate Law, § 18, subd. 1, pars. [e], [g]; subd. 2), here the testator has specifically provided that she is to receive her share outright in the event she elects against the will. (Cf. *Matter of Filer,* 267 App. Div. 269, affd. 293 N. Y. 699; *Matter of Golder,* 30 Hun 441, and *Matter of Hoff,* 194 Misc. 739.) The widow therefore loses the benefits provided for her elsewhere in the will. (*Matter of Byrnes,* 149 Misc. 449, 453; *Matter of Atkinson,* 91 N. Y. S. 2d 631.)

The substantial issue raised is whether the daughter takes the balance of the estate absolutely after distribution of the widow's share, or whether she has only a life estate with power to consume the principal coupled with an imperative power to appoint any remainder to the grandson by her will.

It is evident that the will was not drawn by one versed in the law of wills. The quoted paragraph of the will gives " all the rest " of the estate to the daughter, " but with the proviso that any property of which she may die possessed which is hereby bequeathed to her, she leave by will to my grandson." " Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite

in their meaning and by expressions which must be regarded as imperative. (*Clay* v. *Wood,* 153 N. Y. 134; *Matter of Gardner,* 140 N. Y. 122; *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Post* v. *Moore,* 181 N. Y. 15.)'' (*Tillman* v. *Ogren,* 227 N. Y. 495, 505. See, also, *Matter of Bay,* 178 Misc. 737; *Matter of Weiss,* 84 N. Y. S. 2d 479, and *Matter of Leibson,* 91 N. Y. S. 2d 628, 630.)

The narrow issue is whether the testator intended to qualify the gift to the daughter by the clause beginning '' but with the proviso.'' The key word is '' proviso ''. Is that word merely precatory, or is it imperative in its connotations? Looking at the context it will be seen that the testator used '' proviso '' as synonymous with '' provision '', for in the last sentence of the quoted paragraph he refers to the '' proviso '' as '' this provision.'' And testator used the phrase '' with the provision '' earlier in the same paragraph to introduce the bequest to the daughter after the gift to the widow. This would seem to indicate that the testator intended the '' proviso '' to have some legally binding effect. (*Lyon* v. *Hersey,* 103 N. Y. 264, 270, 271; *Locke* v. *Farmers' Loan & Trust Co.,* 140 N. Y. 135, 148.) Further support for such a view lies in the fact that testator mentioned his grandson by name four times in the will, each time immediately following a gift to the daughter. In each instance, other than the one quoted herein, he prefaced his reference to the grandson by the words '' with the direction '' or '' I direct '' followed by an injunction on his daughter to leave any remainder to the grandson by her will. A construction favoring the grandson is to be preferred because it gives effect to the language of the will. (*Roseboom* v. *Roseboom,* 81 N. Y. 356, *supra.*) The repeated references to the grandson and the use of such words as '' direct '', '' direction '', and '' proviso '' lead the court to conclude that the testator was not merely expressing a wish or hope or even a request, but intended to confer a definite benefit upon his grandson and to qualify the prior gift to the daughter. (*Vincent* v. *Rix,* 248 N. Y. 76; *Matter of Ithaca Trust Co.,* 220 N. Y. 437; *Seaward* v. *Davis,* 198 N. Y. 415; *Matter of Britt,* 272 App. Div. 426.)

It is therefore held that the daughter has a legal life estate in two thirds of the distributable estate with a power to consume the corpus, but with a special power in trust to appoint any remainder to the grandson by will. (Real Property Law, §§ 138, 157; *Matter of Stock,* 51 N. Y. S. 2d 281.)

Submit decree accordingly on notice.