**Muriel A. BABB**

v.

**Redford M. RAND, II.**

Supreme Judicial Court of Maine.

Oct. 8, 1975.

Perkins & Perkins by James Blenn Perkins, Jr., Boothbay Harbor, for plaintiff.

Langdon W. Mead, Kittery, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

█ Alma H. Rand was the third wife and widow of Redford M. Rand, I, from whom she inherited an undivided share of the estate of Henry Rand consisting of vacation property in Maine on which stood a summer home. Upon her death in 1932, she left two children and three step-children, and in her will[1] made the following provisions now the subject of the instant litigation:

"3rd. That the share of the Estate of Henry Rand of the town of Southport, Lincoln County, State of Maine, shall be left to John Freeman Rand in fee simple *with the proviso that he shall never deny access or occupation to the several heirs hereinafter named during their lifetime.*

4th. The balance and residue of my estate, real and personal shall be divided into five equal parts, one part to my step-daughter, Katherine F. Lavender, one part to my step-daughter, Elizabeth B. Rand, one to my stepson, John F. Rand, one to my daughter, Martha Rand, and one to my son Redford M. Rand,

[II] their heirs and assigns forever." (Emphasis added.)

The suit before us originated in Probate Court on a complaint by the plaintiff, Muriel A. Babb, seeking to determine the legal effect of the above provisions, particularly as to any interest in the subject property taken thereunder by the defendant, Redford M. Rand, II. 4 M.R.S.A. § 252; *In re Cassidy's Estate,* Me., 313 A.2d 435 (1973). The sequence of events leading to this dispute began when John F. Rand devised his interest in the subject property to his daughter, Frances Garside, who in turn conveyed that interest by deed to the plaintiff, Muriel Babb. With the exception of the defendant, Redford M. Rand, II, the surviving heirs of Alma Rand have given to Muriel Babb, release deeds to any right, title or interest which they may have had in the subject property.

The Judge of the Probate Court determined that John F. Rand took Alma Rand's share of the estate of Henry Rand in fee simple absolute, and that the other heirs referred to in the will took nothing. The defendant, Redford M. Rand, II, appealed this decision to the Supreme Court of Probate.

During the hearing *de novo* before the Justice of the Superior Court sitting as the Supreme Court of Probate, a deposition of Katherine R. Lavender and testimony by the appellant and Martha Rand Onody were admitted over the objection of appellee's counsel who claimed that the language of the will was unambiguous and that any extrinsic evidence would be immaterial. The presiding Justice noted counsel's objections and excluded many of the questions. The Justice apparently found the language of the will to be unambiguous. We agree. *Bar Harbor Banking and Trust Co. v. Preachers' Aid Soc. of Methodist Church,* Me., 244 A.2d 558 (1968);

1. This will, proved and administered in Massachusetts shortly after the death of Alma H. Rand, was not proved in Maine until April 17, 1973. Maine law governs the disposition of Maine real estate devised under the will. *Blaine v. Dow,* 111 Me. 480, 89 A. 1126 (1914).

*Stewart v. Estate of Stewart,* 148 Me. 421, 94 A.2d 912 (1953). Testimony not specifically excluded as immaterial was admitted apparently only as an offer of proof by appellant's counsel.

In his decree, the Justice ruled that the legal effect of the will was to create in John Freeman Rand an estate in fee simple absolute and that the language of the proviso was repugnant to the earlier creation of the fee and therefore null and void.

■ Appellant contends that paragraph three of the will is not internally inconsistent and that the effect of paragraphs three and four is to create either concurrent life estates in the five named individuals with a vested remainder in John or a fee simple determinable in John with a possibility of reverter conditional upon his never denying access or occupation to the other named individuals. Certainly the language of the will is far more appropriate to the creation of the latter. The Court must not rewrite the will to conform to its own notions as to suitability of the bequest. *Swasey v. Chapman,* 155 Me. 408, 136 A.2d 395 (1960); *Barnard v. Linekin,* 151 Me. 283, 118 A.2d 327 (1955).

■ The primary duty of the Court is to seek the intention of the testatrix. *First Portland Nat'l Bank v. Kaler-Vaill Memorial Home,* 155 Me. 50, 151 A.2d 708 (1959).

We agree with the Justice of the Supreme Court of Probate [2] that the testatrix intended to create a vested interest in her step-son, John F. Rand, and that the other children were also to share in the occupation of the property during their lives. We further agree that this intent was manifest from the face of the will. The first question then becomes whether established rules of construction necessitate our frus-

trating the clear intent of the testatrix. The Justice apparently felt it necessary to do this.

■ We do not agree with the Justice's conclusion that the proviso must be held to be void as repugnant to the language which precedes it. As we recently held in *Thaxter v. Fry,* Me., 222 A.2d 686 (1966), apparently inconsistent clauses must be reconciled, if possible, if necessary to effect the clear intent of the testatrix. We believe that the testatrix intended to create and did create a fee simple subject to a condition subsequent and that her purpose need not be defeated by the language she chose to use.

■■ Typically, the words "fee simple", standing alone, create an absolute estate in the devisee. *Brackett v. Ridlon,* 54 Me. 426 (1886). The choice of the words "in fee simple" may have been an artless one because Alma Rand's clear intent was to place some kind of limitation upon the devisee. It is an elementary principle of property law that the words "fee simple" followed by a condition or special limitation create a defeasible fee. *Hersey v. Purington,* 96 Me. 166, 51 A. 865 (1902); C. Moynihan, *Introduction to the Law of Real Property* 35 (1962). Only two types of defeasible fees are of interest here: The fee simple determinable and the fee simple subject to a condition subsequent. A fee simple determinable is a fee subject to a special limitation. The principal difference between a fee simple determinable and a fee simple subject to condition subsequent is that the former expires automatically on the happening or non-happening of a specified event, while the latter is subject to a power in the grantor, called the right of re-entry, to terminate the estate on the happening of a specified event such as, here, a breach of the condition. Moynihan, *supra,* at 36.

---

2. The Justice said:
   "I know what she intended to do. She intended to give the property to her stepson, John, I believe it was.
   MR. MEAD: Yes, sir.

   THE COURT: And she intended the other children would have the right of access to go upon the property during their lives. That's what she said, isn't it?"

While no precise and technical words are required to create a conditional fee, terms such as "upon condition that", "provided that", "but if" are language usually held to be indicative of that estate, Moynihan, *supra*, at 99. We think that the language of the devise, "with the proviso that" is much closer in effect to this language than the phrasing generally associated with a determinable fee.[3] Moreover, the provision contains no language to suggest an automatic reverter upon breach of the conditions. Automatic reverters are not favored in the construction of wills and must be clearly set forth by such apt language as "but only so long as". *Farnsworth v. Perry*, 83 Me. 447, 22 A. 373 (1891); see *Oldfield v. Stoeco Homes, Inc.*, 26 N.J. 246, 139 A.2d 291 (1958). We need not resort to extrinsic evidence to resolve an ambiguity, for none is present. It is the opinion of this Court that the estate devised to John under the will of Alma Rand is a fee simple subject to a condition subsequent. This condition creates in the heirs of Alma Rand right of re-entry for condition broken. No one but the heirs-at-law of the testatrix can re-enter for condition broken and until re-entry is made, the estate continues vested in John. *Whitmore v. Church of the Holy Cross*, 121 Me. 391, 117 A. 469 (1922).

The Justice of the Supreme Court of Probate may have relied upon our recent decision in *Browne v. Dubey*, Me., 251 A. 2d 424 (1969), in his construction of the proviso. In *Browne*, the will in question contained two paragraphs, one of which devised

"My homestead farm on the east side of the Kansas Road . . . to my son . . . to have and hold to him and his heirs and assigns forever."

and the other of which devised

"My wood lot on the west side of the Kansas Road . . . and the cottage and contents thereof . . . to my daughters . . . to have and hold to them and their heirs and assigns forever, reserving, however, a right of way to and the use of my cottage on Long Lake to my wife and my sisters or brother during their life or the survivor of them."

Due to some error, the cottage was devised as if it was located on the wood lot, where, in fact, the only cottage on either parcel was on the eastern side of the Kansas Road. Because the first paragraph unmistakably devised all real estate on the east side of the roadway in fee simple absolute, the Court held that the language of the second paragraph, which devised and reserved rights in the cottage, was repugnant to the first and therefore void.

The facts in *Browne*, are distinguishable from the present situation. In *Browne*, the first paragraph standing alone was a classic devise of an estate in fee simple absolute. Any subsequent language in a later paragraph placing a condition or limitation on that estate is ipso facto repugnant to it. However, this is not the case when, as here, the words "in fee simple" are immediately followed by conditional language. Paragraph three of the will of Alma Rand does not so unmistakably devise her property in fee simple absolute that a later or a lesser estate in that property would conflict with it. Rather, the lesser estate in John is created by the language of the devising sentence itself. See *In Re Schachter's Will*, 196 Misc. 855, 94 N.Y.S.2d 698 (1949).

While we realize that defeasible fees may carry possible uncertainties as to fu-

---

3. "Thus it has been said that such words as 'so long as', 'until', or 'during', followed by words of reverter, are appropriate to create a fee simple determinable, whereas such words as 'upon condition that' or 'provided that' are the usual indicators of an estate upon condition subsequent." *Oldfield v. Stoeco Homes, Inc.*, 139 A.2d 291, 296 (N.J.1958) (the words "as long as" held to create a determinable fee).

ture title status in situations such as this, we would be hard put to hold that the intentions of this testatrix, so plainly expressed, may not be carried out.

■ Appellee contends in her complaint that the will created a fee simple absolute in John (a construction with which we must disagree) or that, in the alternative, it created a fee simple in John subject to his never denying access or occupation to the designated heirs during his, John's lifetime. While it is clear that the rights of the designated heirs cannot extend beyond their individual lifetimes, we find no indication that the condition was meant to terminate at the death of John F. Rand nor are we aware of any rule of construction that mandates such a result. The only indication of intended duration is the testatrix's reference to the lifetimes of the designated heirs. We must conclude that the condition continues until the death of the last designated heir.

In summary, we hold that the will of Alma Rand devised her share of the property of Henry Rand to John F. Rand, in fee simple subject to a condition subsequent, the condition being that he not deny the designated heirs access or occupation in the estate. Assuming the validity of the devise from John F. Rand to Frances Garside and the conveyance from Mrs. Garside to Muriel A. Babb, Muriel A. Babb has an interest in fee simple absolute subject to the condition that she not deny access or occupation to any of the remaining designated heirs. Redford M. Rand, II, therefore, has the right of access and occupation in the subject estate for the duration of his lifetime.

The entry will be:

Appeal sustained.

Remanded to the Superior Court Sitting as the Supreme Court of Probate for judgment consistent with this opinion.

All Justices concurring.