490

SHURLEY, et al. *v.* AARON, et al.

No. 39631 May 23, 1955 80 So. 2d 61

*Flowers, Brown & Burns,* Jackson, for appellants.

*B. D. Statham,* Magnolia, for appellees.

APPELLANTS IN REPLY.

Roberds, P. J.

This proceeding involves the title to the minerals and mineral rights in and under a tract of land located in Amite County, Mississippi, and described in the bill of complaint.

James L. Shurley, Sr., and Martha Jane Shurley, husband and wife, departed this life, respectively on July 18, 1941 and December 10, 1942, the first intestate and the second testate. As heirs of decedents and as devisees under the will of Martha Jane Shurley, the nine children of James L. Shurley, five daughters and four sons, each acquired an undivided one-ninth interest in said lands.

On May 12, 1943, four of the daughters and two of the sons executed a deed to Hilton N. Shurley and John T. Shurley, two of the sons, to said lands, and, by deed dated June 1, 1943, the other daughter conveyed said lands to the same grantees. These deeds contained lim-

iting provisions as to the minerals, as will be shown hereinafter.

On April 29, 1950, Hilton N. Shurley and John T. Shurley conveyed the lands, without reservation of the minerals, to Chipley Farms, Inc., a Mississippi corporation.

Four of the grantors in the deeds to Hilton N. Shurley and John T. Shurley filed this bill against them and against Chipley Farms, contending that each complainant yet owned a one-ninth interest in the minerals in such lands.

Respondents to the bill say that the conveyance by them to Chipley divested out of complainants any and all mineral rights reserved by grantors in the deeds and that, in any event, the grantees were empowered to convey the property free and clear of any title of complainants to minerals and mineral rights. The two deeds to Hilton and John Shurley contain the same limiting provision as to the minerals, so we will hereafter refer to one deed. The limiting mineral provision in the deed to Hilton N. Shurley and John T. Shurley, inserted after the warranty of title and the description of the land, reads:

". . . LESS AND EXCEPTING, however, all of the oil, gas and other minerals, except sand and gravel, in, on and underlying the above described land. We the grantors, herein, retaining and reserving unto ourselves our undivided one-ninth (1/9) interest each in and to the same minerals. This reservation, however, to remain as an interest in said land only so long as the said land is owned and remains in the possession of the parties of the second part, grantees herein. If any sale of said real estate be made and when made by the parties of the second part, grantees herein, or either of them, or their heirs at law, the said deed shall convey all minerals and mineral rights in and to said above described land. It is agreed, contracted and understood by and between

the grantors and the grantees that the grantees shall have the exclusive right to execute any and all oil, gas and mineral leases upon the above described land and to receive and collect the cash payment therefor together with all annual delay rentals paid by the lessee and the said lease or any leases executed by them shall be binding upon all interest reserved by us herein to the minerals in and underlying said land. We to receive our undivided share and interest in all royalties that may be paid for minerals mined and produced from said land.''

 █ We do not think the deed is ambiguous. It means first, that whatever title or interest the grantors reserved in the minerals and mineral rights ended and terminated upon the conveyance of the lands, without reservation of any minerals or mineral rights, to Chipley Farms.

 █ Special weight and meaning are carried by the phrase, after the minerals were reserved to grantors, ''This reservation, however, to remain as an interest in said land only so long as the said land is owned and remains in the possession of the parties of the second part, grantees herein.'' Retention of the minerals and mineral rights was only so long as the grantees owned and possessed the land. The title retained by grantors was a determinable fee. 26 C. J. S. 400, Deeds, Sec. 110, and 26 C. J. S., 437, Deeds, Sec. 135; Farmsworth v. Perry (Maine) 22 Atl. 373; 19 Am. Jur. 489, Sec. 29. Restatement of the Law of Property, Vol. 1, Sec. 44, p. 121, contains this definition of a determinable fee: ''An estate in fee simple determinable is created by any limitation which, in an otherwise effective conveyance of land, (a) creates an estate in fee simple, and (b) provides that the estate shall automatically expire upon the occurrence of a stated event . . .'' adding that the stated event can be either the happening or non-happening of a specified occurrence. The event here which terminated the title or

right of the grantors to the minerals was the conveyance of the lands and the minerals by Hilton N. Shurley and John T. Shurley to Chipley Farms.

Secondly, the quoted provisions of the deed vested in the grantees the power to convey title to the minerals free and clear of any claim of the grantors. The deed expressly states: "If any sale of said real estate be made and when made by the parties of the second part, grantees herein, or either of them, or their heirs at law, the said deed shall convey all minerals and mineral rights in and to above said described land." The deed to Chipley was a warranty deed purporting to convey all of the minerals. In Thompson on Real Property, Permanent Edition, Vol. 4, p. 2274, a power of appointment is defined as: ". . . an authority to do some act in relation to lands, or the creation of estates therein, or of charges thereon, which the owner granting or reserving such power might himself lawfully perform." No particular form of words is necessary to create the power. ". . . Any expression, however informal, is sufficient if it clearly indicates an intention to give a power." Tiffany on Real Property, Vol. 3, Third Edition p. 20; 72 C. J. S., Powers, Sec. 407; Thompson on Real Property, supra. The words here used, vesting in Hilton and John Shurley the power to convey the minerals, are clear and specific. Chipley Farms got a good title to the minerals free and clear of any estate or title therein claimed by complainants below, appellees here.

There is a charge of fraud in procurement of the deed by Hilton N. Shurley and John T. Shurley. The proof established no fraud.

Nor are we confronted with the rights of appellees, if any, under an oil and gas lease executed by Hilton N. Shurley and John T. Shurley. That question is not involved in this case.

Other questions arising out of the circumstances of this case might be, but are not, presented to us. We decide the case as made by the pleadings.

Reversed and bill dismissed.

*Hall, Lee, Holmes,* and *Ethridge, JJ.,* concur.