In the Matter of the Construction of the Will of DANIEL J. DILLON, Deceased.

Surrogate's Court, Bronx County, June 21, 1951.

*Lawler & Chambers* for Daniel P. Dillon, as executor of Daniel J. Dillon, deceased, petitioner.

*Robert William,* special guardian for Stephen Dillon and another, infants.

HENDERSON, S. In this proceeding the executor requests a construction of certain portions of the testator's will which read as follows: " Third — All the rest, residue and remainder of my estate, of whatsoever nature, character, or description the same be, I give, devise and bequeath to my children, DANIEL P. DILLON and MARY K. FERGUSON, to be divided equally between

them, share and share alike. * * * Fifth — I hereby direct that all my taxpayers property cannot be sold or my stocks cannot be sold until the youngest child of my son and daughter becomes 21 years old. The rent and income to be used to educate both my sons and daughters children. All my vacant property is to be sold inside of 5 years, except the vacant property which I own and which is adjacent to the Store property on Bruckner Boulevard, corner of Waterbury Avenue, Bronx. I also direct that telephone stocks be purchased with the monies realized from the sale of properties located at ' Parchester ' and Little Neck, L. I."

Both Daniel P. Dillon and Mary K. Ferguson, son and daughter named as residuary legatees in paragraph '' Third '' of the will, survived the testator.

At the date of his death, the testator was also survived by nine grandchildren, six being the children of his son, and three being the children of his daughter.

The youngest of these grandchildren will attain her majority in September, 1964.

At the date of his death, the testator was the sole stockholder of the D. M. D. Building Corporation which derived an income from the operation of rental properties and which owned the realty mentioned in paragraph '' Fifth.'' He also held notes of the corporation.

The decedent did not die personally seized of any realty.

There are no other assets in the estate.

The executor contends that under paragraph '' Third '' the testator made an absolute disposition of his residuary estate which was not qualified by the subsequent language of paragraph '' Fifth ''; that if the testator intended to create a trust for the benefit of his grandchildren until the youngest reached majority, such trust would be invalid as a violation of section 11 of the Personal Property Law by reason of the possibility of the trust being measured by lives not in being at the date of the testator's death.

The will herein manifestly was drawn by the testator himself, a person obviously inexperienced in such matters. However, although it is inartistically drawn, it is possible to arrive at the testamentary scheme.

The gift to the testator's son and daughter in paragraph '' Third '' was absolute. Such a gift should not be cut down by subsequent language unless an intent to do so is unmistakably indicated (*Tillman* v. *Ogren,* 227 N. Y. 495; *Banzer* v. *Banzer,* 156 N. Y. 429).

An examination of the subsequent language discloses that the education of the children of his son and daughter was strongly in his mind.

Coupled with the provision that the rent and income be used for educational purposes is the direction that the property from which the rent and income are to be obtained " cannot be sold." There are also subsequent instructions as to the sale of certain vacant property and the investment of the proceeds of the sales.

Giving these plain words their ordinary significance it cannot reasonably be said that in their use the testator meant merely to advise or influence the discretion of the residuary legatees. The directions are mandatory. They demonstrate that the testator himself meant to control and direct the disposition intended. The language is clear and decisive and, in the opinion of the court, unmistakably indicates an intent to limit the prior gift.

The court therefore finds that the testator intended to charge the gift contained in paragraph " Third " with a trust of the property mentioned in paragraph " Fifth " for education as provided therein.

The trust is a valid one.

The beneficiaries of the income and rents compose a class (*Matter of Kearney*, 258 App. Div. 39, 43), and since no definite time has been fixed by the testator for the ascertainment of those constituting it, in the absence of a contrary intent, the beneficiaries are those persons who constitute the class at the date of the testator's death (*Matter of Brown*, 154 N. Y. 313). There is nothing in this will which is indicative of any contrary intent.

The trust is therefore only for the benefit of those grandchildren who survived the testator and the " youngest child " mentioned by the testator is the youngest of those survivors.

The further contention of the executor that even though the testator owned all of the stock of the D. M. D. Building Corporation, he may not disregard the corporate entity, is without merit (*Matter of Bauer*, 289 N. Y. 326).

Settle decree.