Maximilian Moss, S.
In this accounting the executors require a construction of the testator’s will in order to determine the manner of the distribution to be made thereunder and to fix fees to the attorneys.
By the terms of article “Sixth” the testator gave the residue of his estate to the children of his daughter. He was survived by three infant children of the said daughter. The following article however provides that if any of the children, who survive him, die before reaching 21 years then the share of such child, if such child leave issue surviving is given to his said daughter, but if such child shall not leave issue, to the children surviving his daughter in equal shares.
While the gifts contained in the said ‘ ‘ Sixth ’ ’ article appear absolute, they are cut down by the clear, decisive and unmistakable language of the subsequent paragraph, and reflect an unmistakable intent to limit the gift (Tillman v. Ogren, 227 N. Y. 495; Banzer v. Banzer, 156 N. Y. 429; Matter of Dillon, 200 Misc. 147; Matter of Schachter, 196 Misc. 855). The enjoyment of each of the bequests to the several issue of the daughter is postponed respectively until each attains the age of 21 years. The interests of any such child dying before attaining 21 years of age should said issue leave a child or children surviving, shall pass to the daughter; otherwise, in equal shares to the *873 daughter’s remaining issue surviving. Article “ Seventh ” of the will is so construed.
The fees of the attorneys and their disbursements are each fixed and allowed in the requested amounts to include all services necessary to effect distribution. Settle decree on notice.