William J. Began, S.
This is a proceeding to construe the last will and testament of the above-named deceased and particularly those portions of the will providing a bequest to the decedent’s wife. Decedent’s last will and testament by paragraph fourth (a), left to decedent’s wife one half of the residue of his estate less the amount of certain specified legacies. A first codicil to said will by article fourth (a), provided a bequest to decedent’s wife giving to “ her absolutely seventy per cent (70%) less the amount of any legacy or legacies under paragraph (b) ”. By article fourth (b) of said codicil there is a bequest to each of the children of decedent’s second wife in the sum of $5,000, “ absolutely * * * such legacy or legacies to be paid as a prior charge from the sixty per cent (60%) of my residuary estate * * * devised and bequeathed to my wife in said paragraph (a) hereof.” The question presented to this court by this proceeding, therefore, is whether the deceased intended to give to his wife one half of the residuary estate as provided in his last will and testament, or 70% of the residual estate as provided under article fourth (a) of the codicil or 60% of the residual estate as referred to in article fourth (b) of the codicil. The attorney for the children contends that the most that can be allowed to decedent’s wife is 60% of the residue, while the attorneys for the estate and the *501 attorney for Bernice Dimet, the widow, contend that it is the ascertainable intention of the deceased to give to his wife 70% of the residual estate, the reference to the 60% being merely “ peripheral No one seriously argues that the widow may be entitled to 50% and this argument is removed as an issue, this court being satisfied that the codicil effectively revoked this particular portion of the will.
Upon the arguments herein and upon reading the legal memoranda and briefs supplied by the attorneys it is evident that all are agreed that the intention of the testator must control in whatever decision is arrived at and that such intention must be achieved from a careful reading of the will in its entirety. The authorities in this regard, of course, are too numerous to cite herein.
The attorney for the children cites Van Nostrand v. Moore (52 N. Y. 12, 20) in his contention that “ When two clauses in a will are irreconcilable * * * one which is posterior in position shall be considered as indicating a subsequent intention ”. The attorney for the widow states simply that the reference to 60% as contained in the codicil is a reference only, and serves no value as a bequest or devise therein. Both counsel have some argument pro and con as to the introduction of extrinsic evidence and as to the admissibility of testimony of the attorney draftsman for the purpose of clarification. In view of this court’s reasoning as hereinafter outlined, such evidence and testimony need not be resorted to.
The Van Nostrand case, cited supra, pertains to two clauses in the will that are irreconcilable and the construction therein is for the purpose of reconciling such contrary clauses so as to arrive at the intent of the testator. It is to be noted that reference is made to repugnant and conflicting words and provisions (7 Warren’s Heaton, Surrogates’ Courts, §§ 18,19). The Van Nostrand case {supra, p. 20) refers to the rule advanced by the attorney for the children as a rule to be used only as a last resort, “ to be availed of when all efforts to reconcile the inconsistency by construction have failed ”. Where the court is satisfied that the paragraph of the will sought to be construed is clear and unambiguous then not only will it not resort to the rule advanced as above stated, but will find that a construction proceeding, as such is not necessary in arriving at the testator ’s intent. Article fourth, (a) of the codicil clearly directs a bequest of 70% of the residual estate. Article fourth (b) of said codicil was not in any way intended to modify, change, amend or nullify said article fourth (a) but merely made a reference to same, *502 said article being intended only to provide a bequest for the children of the second wife. This is not a situation for the application of the rule that between two inconsistent clauses the later will be preferred as the expression of the final purpose, it being the opinion of this court that the two clauses are not as such “inconsistent” or “irreconcilable”. (Matter of Buechner, 226 N. Y. 440.) Where the language used in the will has a clear meaning it must be accepted as disclosing the intent and this intent should be upheld with the rules of law. The court should not construe a will contrary to the ordinary meaning of the language used, upon conjecture as to intent or upon suspicion that the testator did not understand the expressions used. Where there is no ambiguity, patent or latent, there-is “no field open for construction of the will ”. (Matter of Rose, 58 Misc 2d 576, 579.) Counsel, in pointing out that portion of Warren’s Heaton on Surrogates’ Courts (Yol. 7) pertaining to the construction advanced herein might also note from the same sections therein cited (§ 19, par. 5, cl. [a], p. 6-155) that:
“ A primary disposition cannot be altered except by unambiguous words. Where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause nor by any subsequent words which are not as clear and decisive as the words giving the estate.”
It is a well-established rule that whenever a will begins with ah absolute gift, in order to cut it down the latter part of the will must show as clear an intention to cut down the absolute gift as the prior part does to make it. (Matter of Getman, 30 A D 2d 257.)
Wherefore, it is the decision of this court that article fourth / (a) of the codicil above mentioned, prevails as clearly giving to the wife of the deceased 70% of the residual estate less the amount of any legacy or legacies under paragraph (b) of said article fourth.