OPINION OF THE COURT
Peter J. Kelly, S.
Petitioners move for summary judgment in this construction proceeding seeking that Article Third (a) of decedent’s last will and testament be interpreted to provide that decedent’s four children each own a one quarter interest in improved real property in fee simple absolute, as tenants in common, without restriction.
The salient facts are as follows:
Decedent died on August 29, 2002 survived by four children. Her two daughters, Giovanna and Angela, are the petitioners herein, and her son, Bennett, is the objectant. Decedent’s other son, Simone, is the executor under decedent’s will. While it appears that Simone may have served an answer to the petition, it was not filed with the court. An affidavit in support of petitioners’ motion, however, has been filed by Simone.
Decedent’s will is dated August 1, 1983, and it was admitted to probate on October 24, 2002.
Article Third (a) of the will is part of the residuary clause and provides as follows:
“I devise my house and premises described as and known as number 65-26 Myrtle Avenue, Glendale, County of Queens, City and State of New York, to my children, SIMONE BONANNO, BENNETT BONANNO, ANGELA BONANNO and GIOVANNA BONANNO, share and share alike.
“However, I direct that the said dwelling and premises be not sold during the time when any one of my children is single and not married; and that any one of them resides in the said property. It is my wish and I direct that the property be retained as a home and place of residence for any one or ones of my single and unmarried child or children. The single child or children only are to receive the income from the property and to pay all the ex *631 penses and carrying charges to maintain the property. At the end of the year, any surplus is to be divided into four shares.
“If any one of my children marries and later the marriage is nullified or terminated, then said child shall be considered as being single and may return to live in the above said housing accommodations.
“I further direct that, when all of my children are married or when all of the children leave the above house and live elsewhere, whether they be married or single, the said property at 65-26 Myrtle Avenue, Glendale, New York, is to be sold for the best available price and the proceeds to be divided equally among my four children.”
The subject premises consist of a ground floor storefront, a second floor apartment, and a third floor apartment.
When the will was executed, none of decedent’s children were married. At the time of decedent’s death in 2002, Simone and Giovanna were not residing at the premises, Angela was married and resided in the third floor apartment, and Bennett resided in the second floor apartment. Angela and her spouse subsequently moved out of the premises sometime shortly after 2002. Bennett, who had been married in 1991 and briefly lived elsewhere, was residing with decedent in the second floor apartment, and had done so from the time of his separation from his wife in 1993 and subsequent divorce. Bennett’s continued residence in the second floor apartment is the genesis of this litigation.
Petitioners contend that the second through fourth paragraphs of the quoted article should be declared invalid, claiming they violate the common-law rule prohibiting unreasonable restraints on the alienation of real property; they improperly impose limitations on petitioners’ fee simple absolute interests in the property; they impose conditions designed to discourage marriage in contravention of public policy; and they are ambiguous, vague, unclear or indefinite and contradicted by later provisions of the will granting the executor the right to sell all property in his discretion.
Objectant, on the other hand, argues that the challenged paragraphs do not impose an improper limitation on petitioners’ interests, nor do they create an unlawful restraint on the alienation of the property or on marriage. He further argues that the provision in the will enumerating the executor’s pow *632 ers is merely a reiteration of the executor’s statutory powers and is not contradictory.
It is well established that in construing a will the intention of the testator must be the court’s “absolute guide” (Matter of Bieley, 91 NY2d 520, 525 [1998]; Williams v Jones, 166 NY 522, 532 [1901]). That intention is to be ascertained not by a single word or phrase, nor by rote application of technical meanings to terms regardless of context, but from a sympathetic reading of the will as an entirety (Matter of Carmer, 71 NY2d 781, 785 [1988]; Matter of Fabbri, 2 NY2d 236, 240 [1957]; Matter of Bieley). All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated; if the will evinces a dominant purpose or plan of distribution, “the individual parts of the will must be read in relation to that purpose and given effect accordingly,” unless it is contrary to established law or public policy (Matter of Fabbri, 2 NY2d at 239-240; Matter of Carmer, 71 NY2d at 785-786; see also Matter of Walker, 64 NY2d 354, 357-358 [1985]).
Petitioners’ arguments are essentially based on the proposition that the first paragraph of Article Third (a) unambiguously devises a fee simple absolute interest in the real property to each of decedent’s children and, therefore, the provisions contained in the second through fourth paragraphs are repugnant to the nature of their fee simple absolute interests.
As noted, the first paragraph of Article Third (a) in pertinent part provides “I devise my house and premises ... to my children . . . share and share alike.” Arguably, this language, when read out of context without regard to the remainder of the article, expresses an apparent absolute gift to each of the children of an equal common interest in the property in fee simple. But the article does not end there, and the term “devise” does not necessarily import a fee (see Kirchhof v Ramsey, 151 Misc 142 [1934]). Therefore, the question to be addressed is whether decedent actually intended to give the property in fee simple absolute as petitioners assert, or intended a lesser estate as urged by objectant.
It has been held that where a will contains words constituting an absolute gift, followed by words which disclose an intention to cut it down, but which are not clear and unmistakable in their import, the courts favor giving effect to the absolute gift (Matter of Parant, 38 Misc 2d 933 [1963], citing Matter of Hayes, 263 NY 219 [1934], and Clarke v Leupp, 88 NY 228 *633 [1882]). On the other hand, an absolute gift will be disturbed, limited or cut down where the testator’s intention to do so clearly appears by the use of decisive and imperative language (see Tillman v Ogren, 227 NY 495 [1920]; Mee v Gordon, 187 NY 400 [1907]; Reeves v Snook, 86 App Div 303 [1903]; Kurtz v Wiechmann, 75 App Div 26 [1902]; Matter of Kashner, 5 Misc 2d 872 [1957]; In re Wagner’s Estate, 20 NYS2d 311 [1940]).
Here the imperative terms used in the second through fourth paragraphs clearly indicate that decedent intended to limit the gift to the children by directing that the premises not be sold during the continued occupancy of unmarried children, and by further directing that when the property was no longer the residence of any of the children it then be sold and the proceeds divided equally (see Matter of Ithaca Trust Co., 220 NY 437 [1917]; Matter of Dillon, 200 Misc 147 [1951]; Matter of Schachter, 196 Misc 855 [1949]).
The language of the paragraphs following the first paragraph is sufficiently clear and explicit to limit the estate and indicate that it was decedent’s intent that her four children each have an equal monetary interest in the premises, subject to the occupancy of one or more unmarried child, until the premises were vacated. The decedent’s purpose is clear: to provide beneficial use of the property for any one or more of her children while they are unmarried and are not residing elsewhere, to divide the surplus of the rents and profits after expenses equally, and upon the happening of all the children being married or residing elsewhere, to have the property sold and the proceeds divided equally among her four children.
Although a condition in a will which is calculated to induce a beneficiary to live in celibacy or to procure a divorce is void (see Matter of Liberman, 279 NY 458 [1939]; Matter of Haight, 51 App Div 310 [1900]), there is no merit to the contention that the provisions contained in the second through fourth paragraphs of the quoted article impose conditions designed to discourage marriage in contravention of public policy. Upon review, the court finds nothing in the language of the article which suggests a purpose on the part of decedent to impose a condition in restraint of marriage on any of her children, or an intent to foster divorce. Indeed, the condition provides for a sale when the children live elsewhere—married or single. It is manifest that decedent was concerned with the ability to provide all of her children with a secure place to reside while unmarried if life’s vicissitudes deemed it necessary. Thus, these *634 provisions are not invalid as imposing a condition calculated to discourage marriage or to induce divorce, but are deemed to be for the support and maintenance of decedent’s children and a limitation as to the extent or duration of the legacy.
While it is clear that decedent’s intention was to assist in her unmarried children’s support and maintenance by providing them a place to reside, it is equally clear that decedent expected that all her children would either marry or, at some point, choose to reside elsewhere and, therefore, the premises would no longer be needed as a residence. This is demonstrated by the use of the phrase “when all of my children are married or when all of the children leave the above house and live elsewhere” in the fourth paragraph, coupled with the direction that the premises be sold and the proceeds divided among her children. Thus it is manifest that decedent did not intend to create a life estate for any of her children, but only a personal privilege to occupy the premises.
It seems quite appropriate that the decedent’s direction to sell the premises and divide the proceeds was intended to serve as a convenient method of severing her children’s interests when the property would no longer be the “homestead” of any of the children.
Despite the use of the word devise in the first paragraph of Article Third (a), a reading of the entire will as a whole shows that it was not decedent’s intent to make an absolute devise in fee of the property to her children. Rather it was decedent’s intent that the premises be sold and the proceeds thereof be distributed. The children are granted, upon the death of the decedent, an equal present vested interest in the proceeds of the premises, together with the net income derived from the premises, subject to the right of any one or more of them to occupy the premises upon the conditions contained in paragraphs two through four of the article, and further subject to the power of the executor to sell the property when the conditions are no longer met.
Petitioners further argue that the provisions in Article Fifth of the will granting the executor the power to sell, mortgage or lease all of decedent’s real property in his discretion expressly contradicts the extended use and delayed sale of the premises provided for in Article Third (a), and, since it appears later in the will, the provisions of Article Fifth supersede the earlier provisions of Article Third (a) and render them void.
There is a rule of construction that states where clauses of a will are inconsistent and cannot be reconciled so as to stand *635 together, the latter clause shall be considered as indicating a subsequent intention, and prevail over the earlier one, unless the general scope of the will leads to a contrary construction (Van Nostrand v Moore, 52 NY 12, 20 [1873]; Matter of Fuchs, 212 AD2d 612 [1995]). This is a rule of last resort that is rarely applied, however. Where the court is satisfied that the provisions of the will to be construed are clear and unambiguous, the rule will not be resorted to since it is not necessary to do so to divine the testator’s intent (Van Nostrand v Moore, 52 NY at 20; Matter of Dimet, 76 Misc 2d 500, 501 [1973]). Here the clear terms of the will lead to the inescapable conclusion that the general powers provided for in Article Fifth were not intended to supplant or negate the limitation provided for in Article Third (a).
The postponement of the sale of the premises for the benefit of the unmarried children does not create an illegal suspension of ownership nor an unreasonable restraint of alienation. Since the term of occupancy may be immediately terminated at the will of the occupant, there is nothing which prevents the acceleration of the sale by the consent of all the children.
Upon the foregoing, the motion seeking a determination of Article Third (a) of decedent’s will holding that decedent’s four children each own a one quarter interest in real property known as 65-26 Myrtle Avenue, Glendale, New York, in fee simple absolute, as tenants in common, without restriction or right to occupy is denied.