Matter of DeMarino (2024 NY Slip Op 51466(U))

[*1]

Matter of DeMarino

2024 NY Slip Op 51466(U)

Decided on October 28, 2024

Surrogate's Court, Queens County

Kelly, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 28, 2024
Surrogate's Court, Queens County

Petition for construction in respect of the Lifetime Trust of William and Barbara DeMarino, both deceased
Petition for construction in respect of the Will of William DeMarino, deceased

File No. 2023-1861/C

David E. Schorr, Esq. for petitioners Debra Michalkewicz and Michael DeMarino

Peter J. Kelly, S.

Petitioners, Debra Michalkewicz and Michael DeMarino, residuary beneficiaries under the Decedent's Last Will and Testament dated March 14, 2020 (the "Will") as well as beneficiaries of the Lifetime Trust of William and Barbara DeMarino dated the same date (the "Trust"), present for entertainment a petition seeking a construction of the in terrorem clauses found in both instruments.
Specifically, petitioners seek a holding that the in terrorem clauses would not be violated if petitioners institute: (i) a proceeding pursuant to SCPA § 2102(4) to compel the fiduciary to distribute the petitioners' shares of the undistributed cash in the decedent's estate and Trust; (ii) a proceeding pursuant to SCPA § 2102(1) to compel the fiduciary to provide copies to petitioners of all bank statements for the decedent's estate and the Trust; and (iii) a proceeding pursuant to SCPA § 209(10) and EPTL § 7-2.6 to appoint Debra as a limited and restricted trustee in place of the current fiduciary, Cindy Nappo, so that Debra could conduct the sale of the Bay Terrace property and distribute the Bay Terrace Rent to the Trust's beneficiaries.
The salient facts are as follows:
Decedent died on December 24, 2022, survived by three children: Cindy, Debra, and Michael. Cindy is the executor under the decedent's Will, which was admitted to probate on July 14, 2023. The Will leaves the residuary estate: 30% to Cindy; 12.5% to Cindy's daughter Carmella; 12.5% to Cindy's daughter Gianna; 25% to Michael; and 20% to Debra.
The allegations briefly stated are that on November 14, 2023, Cindy, as executor of the decedent's estate, liquidated the decedent's brokerage accounts and received $388,561.88 in cash. Thereafter, Cindy sold the decedent's Aruba resort timeshare and received $14,450.00 in cash. By June 30, 2024, the decedent's estate assets consisted entirely of cash in the amount of $409,280.17. Cindy has not made any distributions from these cash assets.
Cindy is also the trustee of the Trust. At the time of the decedent's death, the Trust had the following assets: (i) real property located in Flushing, New York; (ii) a multi-unit residential property in Bay Terrace, New York; (iii) real property located in Mattituck, New York; and (iv) [*2]rental income from the leasing of the units at the Bay Terrace property. Under the Trust Agreement, the Mattituck Property was given 100% to Cindy. The Trust provides that the property be distributed: 30% to Cindy; 12.5% to Cindy's daughter Carmella; 12.5% to Cindy's daughter Gianna; 25% to Michael; and 20% to Debra. The Trust provides that after the death of the decedent, the trustee shall pay over, transfer, and distribute the balance of the Trust estate to the residuary beneficiaries. The Trust directs the trustee to sell the real property and offer, in writing, an opportunity to purchase the real property at a 20% discount to the appraisal value first to Cindy, second to Michael, and third to Debra. The Trust terminates upon the final distribution of the Trust estate.
Petitioners allege that Cindy, as trustee, sold the Flushing Property on November 2, 2023 and received net cash proceeds of $788,997.52, which have not been distributed. Cindy also collected Bay Terrace Rental Income in the amount of $22,000.00. The amount of Rental Income distributed to the petitioners is in dispute. The only Trust asset which Cindy has fully distributed since the decedent's death is the Mattituck property, which she transferred to herself by Quitclaim Deed dated May 11, 2023. Petitioners further allege that when Cindy was asked to give Michael and then Debra the opportunity to purchase the Bay Terrace property pursuant to terms of the Trust, Cindy threatened to invoke the Trust's in terrorem clause.
Cindy has provided the petitioners with informal accountings as trustee and executor of the decedent's estate. The petitioners allege that if they object to the accountings, Cindy will seek additional statutory commissions as trustee and will not waive her commissions on the Mattituck property. Petitioners further allege that Cindy has made it clear that she will not voluntarily distribute any assets unless and until they sign written releases, agree to all the terms of her accountings, and agree to the Listing Agreement regarding the Bay Terrace property.
Both the Trust and Will have in terrorem clauses. Paragraph FIFTH of the Will provides as follows:
In the event that any beneficiary named herein shall, directly or indirectly, under any pretense or for any cause or reason whatever, opposed the probate of my last will and testament, or institute, abet, take, or share, directly or indirectly, in any action or proceeding against my estate to impeach, impair, set aside, or invalidate any of the provisions of my last will and testament, or make any agreement, direct, or indirect, in connection with any of the foregoing, with any person instituting, abetting, taking, or sharing is [sic] such action directly or indirectly, I do hereby revoke any and all devises, bequests, trusts, or other provisions to or for the benefit of such person, and I direct that any such devises, trusts or other provisions, to or for the benefit of any such person, shall become part of my residuary estate, except that if such person shall be entitled to share in my residuary estate, then the share of such person shall be disposed of as if such person had predeceased me without leaving issue surviving me.
Paragraph FIRST(E)(4) of the Trust provides as follows:
In the event that any beneficiary named herein shall, directly or indirectly, under any pretense or for any cause or reason whatever, contests any provision of this Trust Agreement, or institute, abet, take, or share, directly or indirectly, in any action or [*3]proceeding against Grantors' estate to impeach, impair, set aside, or invalidate any of the provisions of this Trust Agreement, or make any agreement, direct, or indirect, in connection with any of the foregoing, with any person instituting, abetting, taking, or sharing is [sic] such action directly or indirectly, Grantors do hereby revoke any and all gifts, trusts, or other provisions to or for the benefit of such person, and Grantors direct that any such gifts, trusts or other provisions, to or for the benefit of any such person, shall become part of the Trust Estate, except that if such person shall be entitled to share in the Trust Estate, then the share of such person shall be disposed of as if such person had predeceased the Grantor leaving no issue surviving the Grantor.
The language of the in terrorem clauses in both the Will and Trust is clear and unambiguous, and there appears to be no reason for the necessity of a court's opinion regarding the supposed effect of these clauses (see Matter of Boanno, 51 Misc 3d 629 [Sur Ct, Queens Cnty 2016]).
Significantly, the specific terms of the Will and Trust provide for distributions to be made after the death of the decedent. Yet, based on the proof submitted, it appears that Cindy has not made any significant distributions, except to herself. Regardless of the ultimate resolution of a proceeding based on the allegations, the proceedings contemplated by petitioners would not run afoul of the unambiguous language contained therein as they do not seek to contest or invalidate the Trust or Will. Instead, they actually seek to enforce the provisions of the Will and Trust.
The Court also notes that any attempt by a testator or grantor, through drafting language, to preclude a beneficiary from challenging the conduct of a fiduciary, either from demanding an accounting or from filing objections thereto, most probably would result in a finding that the pertinent language is void as contrary to public policy and statutory law (see EPTL § 11-1.7; Matter of Lang, 60 Misc.23 232 [Sur Ct, Erie Cnty 1969]; Matter of Egerer, 30 Misc 3d 1229[A][Sur Ct, Suffolk Cnty 2006]). While currently there are no statutes governing in terrorem clauses with respect to trusts, statutes and case law pertaining to wills are instructive (see Carlson v Colangelo, 221 AD3d 773 [2d Dept. 2023]; Matter of Neva M. Strom Irrevocable Trust III, 203 AD3d 1255 [3d Dept. 2022]). More to the point, public policy precludes in terrorem clauses from being used as a cudgel against beneficiaries who simply seek to hold fiduciaries accountable for their failure to exercise reasonable care, diligence, and prudence (see EPTL § 11-1.7; Matter of Aoki, 221 AD3d 479 [1st Dept. 2023]; Matter of Merenstein, 2018 NY Slip Op 32498[U][Sur Ct, New York Cnty 2018]). Therefore, if petitioners request that Cindy account, she would be required to do so.
Accordingly, the petitions are denied entertainment as unnecessary and petitioners shall proceed as they deem warranted.
This is the decision and order of the Court.
The Clerk of the Court is directed to forward a copy of this decision and order to the petitioners and the fiduciary.
Dated: October 28, 2024
ACTING SURROGATE